UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERSHAUN ARTIMEAS MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:17-cv-04694<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes VERSHAUN ARTIMEAS MORRIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant contacts in the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 45 year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant "is a full service collection agency…focused on telecom recovery."[1] With its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, Defendant regularly collects upon consumers across the country, including in Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In the spring of 2017, Plaintiff began receiving calls to her cellular phone, (248) XXX-2051, from Defendant seeking to collect upon a debt. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2051. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has called Plaintiff using a variety of phone numbers, including but not limited to: (313) 209-4635, (313) 209-4671, and (313) 209-4705. *See* Exhibit A.

11. Upon information and belief, the aforementioned phone numbers are all regularly utilized by Defendant to make outgoing calls to consumers it is collecting upon.

---

[1] http://www.dcicollect.com/about/dci-about.html

12. When Plaintiff answers Defendant's phone calls, she experiences a noticeable pause, lasting approximately three to five seconds in length, before a live person begins to speak. *Id.*

13. Upon speaking with Defendant, Plaintiff is asked to verify various pieces of personal information. Feeling uncomfortable doing so, Plaintiff has demanded that Defendant remove her information from its contact list and to stop calling her. *Id.*

14. Despite Plaintiff's demands, Defendant has continued to relentlessly make collection calls to her cellular phone on a daily basis up until the date of the filing of this action. *Id.*

15. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop contacting her. *Id.*

16. Plaintiff has received at least 31 phone calls from Defendant, despite all her demands and attempts to have her information removed from its system. *Id.*

17. Defendant's phone calls have added a great deal of stress to Plaintiff's daily life and have been extremely harassing to her. *Id.*

18. As a doctoral student with many reading and writing assignments, Defendant's phone calls have greatly affected and interrupted Plaintiff's studies. *Id.*

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $78.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls,

emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of ACA International, an association of credit and collection professionals, since 1994.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

#### a. Violations of FDCPA §1692c(a)(1) and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

---

[2] http://www.acainternational.org/search#memberdirectory

4

29. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant has called Plaintiff multiple times per day on a regular basis up until the present day. Even after being told to stop, Defendant continued its oppressive conduct in an attempt to procure payment from Plaintiff. This repeated behavior of systematically calling Plaintiff's phone on a daily basis in spite of her demands was harassing and abusive.

30. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to ceaselessly contact her via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed multiple calls per day to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon a debt by continuously calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.  Despite Plaintiff's efforts, Defendant continued its unfair conduct of placing calls to her cellular phone.  These means employed by Defendant only served to worry and confuse Plaintiff.

36. As pled in paragraphs 16 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, VERSHAUN ARTIMEAS MORRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37.  Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to

6

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

39. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately three to five seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

40. Defendant violated the TCPA by placing mass phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoke by Plaintiff's numerous demands that it cease contacting her.

41. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, VERSHAUN ARTIMEAS MORRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

45. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

46. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

47. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Plaintiff was not comfortable giving Defendant her personal information, and upon its insistence, she demanded that it stop calling her. In spite of these demands, Defendant continued its unfair behavior. Following its characteristic behavior in placing voluminous collection phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and make a payment.

48. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing multiple calls in a short amount of time is extremely

8

harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

49. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

50. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

51. As pled in paragraphs 16 through 22, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application subscription on her cellular phone in an attempt to block its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff told Defendant to remove her information from its contact list and to stop calling her, but yet, she was still bombarded with collection phone calls. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, VERSHAUN ARTIMEAS MORRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 22, 2017                                            Respectfully submitted,

s/ Nathan C. Volheim                                            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                           Counsel for Plaintiff
Admitted in the Northern District of Illinois                   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                        Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                                  900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                       Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                     (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        thatz@sulaimanlaw.com